IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE |
| | : | 05-373 |
| v. | : | |
| | : | CIVIL CASE |
| RICKY SON | : | 06-472 |

## REPORT AND RECOMMENDATION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE            July    17        , 2006

This is a counseled Motion to Vacate, Set Aside, or Correct a Federal Sentence, filed

pursuant to 28 U.S.C. § 2255, on behalf of Ricky Son, who was ordered by the Third Circuit to

begin serving his sentence on December 16, 2005.

## FACTS AND PROCEDURAL HISTORY:

On August 30, 2005, pursuant to a written plea agreement, Son pleaded guilty to one

count of impeding the administration of the Internal Revenue Code, in violation of 26 U.S.C.

§7212(a).  In addition to the count charging impeding the administration of the Internal Revenue

Code, Son was charged with twenty counts of failure to collect, account for, and pay taxes in

violation of 26 U.S.C. § 7202.  The charges arose from Son's operation of numerous temporary

employment services companies which supplied casual laborers to clients for a fee.  Son's

companies paid the laborers.  The indictment charged that from January, 1999, through February,

2003, Son failed to account for and collect the federal income tax withholdings and FICA for his

workers. Pursuant to the written plea agreement, Son failed to pay federal payroll taxes in the

amount of $576,000 on unreported wages of $3,867,629.[1]  The government agreed to dismiss the

additional 20 counts of the indictment, charging Son with failing to collect, account for, and pay

_____

[1]The plea agreement took only the unpaid payroll taxes into account for purposes of
calculating the maximum sentence.

over employment taxes in violation of 26 U.S.C. § 7202.  (The maximum sentence for conviction

of all these counts is 3 years each - the Sentencing Guidelines would advise a total of 6 years'

incarceration. (N.T. 12/29/05, 27-29)).  The plea agreement states that in exchange for his guilty

plea to impeding the administration of the tax laws, the Court may impose a maximum sentence

of 3 years' imprisonment.  (Plea Agreement, at ¶ 7).  In addition, the plea agreement states that

the government may make any sentencing recommendation it deems appropriate (Plea

Agreement, at ¶ 6a), and states that no one has made any promise or guarantee regarding the

sentence.  (Plea Agreement, at ¶ 8).  Finally, the plea agreement contains a waiver of appellate

rights.   (Plea Agreement, at ¶ 10).

   At the sentencing hearing, held on November 14, 2005, the Assistant United States

Attorney argued that the Defendant should be sentenced at the upper range of the permissible

Guidelines, 30-37 months'.  (N.T. 11/14/05, at 18-19).  The Honorable Berle Schiller, to whom

the case is assigned, sentenced Son to 34 months' imprisonment, followed by 1 year of

supervised release.  In addition, Son had to pay a $100 special assessment and make restitution in

the amount of $576,000.

   On November 25, 2005, plea counsel filed a motion for resentencing, arguing that his

understanding of the plea agreement was that the government would not argue for a sentence at

the upper level of the Guidelines and would not oppose defense counsel's request for an

alternative to incarceration.  A letter attached to the § 2255 Motion establishes that plea counsel

immediately wrote to the Assistant United States Attorney, complaining that his understanding of

the sentence was different from that argued for by the government at sentencing.

   On December 29, 2005, Judge Schiller held oral argument on the motion for

resentencing.  At the hearing, neither the Defendant nor plea counsel was present.  The Defendant was represented by new counsel, Daniel Hargreaves.  Mr. Hargreaves argued both that the plea was unknowingly entered and that the factual basis for the plea, as enunciated by the government at the change of plea hearing, was insufficient to establish a violation of 26 U.S.C. § 7212.  According to Mr. Hargreaves, § 7212(a) requires the defendant to interfere with an agent during an investigation.  The charges here spanned the time from January, 1999, through February 2003.  At that time, there was no investigation underway, or, in any event, Mr. Son was not aware of any investigation until 2005 and could not have knowingly impeded any investigation prior to that point.  (N.T. 12/29/05, 11).

During the hearing, the court suggested that this claim would be better suited to a § 2255 motion.  (N.T. 12/29/05, 19).  AUSA David Fritchey agreed with Judge Schiller that if the statute cannot be used to convict Mr. Son, the plea has to be thrown out, as does the appellate waiver.  (N.T. 12/29/05, 34).  In the later stages of the hearing, when the court was leaning towards allowing Mr. Son to withdraw his plea and scheduling the case for trial, Mr. Fritchey stated that he would prefer taking the § 2255 route.

> And so if we have to deal with it then [meaning the § 7212 issue in a § 2255 motion], maybe cooler heads will prevail and we won't have to deal with it then. But that's - - if we have to chose between the two evils [meaning proceeding to trial or proceeding with a § 2255 motion], that's the evil we would chose for jurisdictional reasons.

(N.T. 12/29/05, 34).

Judge Schiller then denied the motion for resentencing and defense counsel's motion for an extension of time to file an appeal.  Judge Schiller then instructed defense counsel to file a habeas petition, presenting these issue.  (N.T. 12/29/05, 42).

On January 31, 2006, Son, represented by a third lawyer, filed this § 2255 Motion.  In the Motion, itself, Son claims only that there is no factual basis for the plea to a violation of 26 U.S.C. § 7212(a).  However, in the Memorandum of Law in Support of the Motion, Son's counsel also argues that the guilty plea is invalid because Son believed, whether promised by plea counsel or the government, that he would receive probation.

In response to the Motion, the government first argues that the waiver of appellate rights contained in the plea agreement prohibits Son's resort to collateral relief.  Under the circumstances presented by this case, we disagree.  First, and foremost, counsel for the government agreed that the Defendant could present his claim regarding § 7212 in a § 2255 motion at the oral argument on the motion for reconsideration of the sentence when Judge Schiller was obviously about to allow Son to withdraw the plea and to list the case for trial.  In addition, if, as Son argues, there is no factual basis for the plea, then the plea agreement is a nullity.  See Bousley v. United States, 523 U.S. 614, 618 (1998)(if the defendant, his counsel, and the court did not understand the essential elements of the crime, the guilty plea is invalid).[2]

Section 7212(a) states:

> **(a) Corrupt or forcible interference.** – Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or

---

[2]Ordinarily, any claim, other than an ineffective assistance of counsel claim, that the Defendant failed to present on direct appeal will be considered procedurally defaulted, only to be considered upon a showing of cause and prejudice.  United States v. Frady, 456 U.S. 152, 168 (1981).  However, the determination of the validity of the guilty plea in this case requires consideration of the underlying claim.  Moreover, because the government agreed that consideration of the § 7212 claim should proceed via a § 2255 Motion at the December 29, 2005 oral argument, we believe it proper to consider the claim in this forum.

impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000 or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

The basis of the plea, as explained by the government at the change of plea hearing, was the Defendant's scheme whereby he neglected to withhold the taxes for his many employees for a period of four years. In addition, the Defendant failed to file the proper IRS documentation and, in two instances, filed false information with the IRS. (N.T. 8/30/05, 17). During this four year period, it does not appear, nor does the government argue, that any IRS investigation of the Defendant or his companies was pending. The Defendant argues that the statute requires interference with or hindrance of a present IRS investigation. Since no investigation had begun, contends the Defendant, his actions could not violate § 7212(a).

Section 7212(a) is broken into two clauses. The first addresses specific threats against an agent of the IRS. The second, which is at issue in Son's case, is a "catch-all" clause, referred to by many courts as the "omnibus clause." The Third Circuit has yet to have the opportunity to interpret the omnibus clause and there appears to be a disagreement among the courts which have.

The Defendant relies upon the Sixth Circuit's decision in United States v. Kassouf, 144 F.3d 952 (1998), in which the court concluded that § 7212(a) requires interference with a pending IRS investigation. In Kassouf, the defendant was charged with failing to maintain adequate records to support his tax filings. In deciding that § 7212(a) did not encompass Kassouf's activities, the Sixth Circuit focused on the similarities between § 7212(a) and 18

5

U.S.C. § 1503, the obstruction of justice statute, and the decisions interpreting § 1503. In

pertinent part, § 1503 provides that whoever:

> corruptly or by threats or force or by any threatening letter or communications,
> influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede,
> the due administration of justice, shall be punished as provided in subsection (b).

18 U.S.C. § 1503.

In United States v. Aguilar, 515 U.S. 593 (1995), the Supreme Court construed the

language of § 1503 to require some nexus in time, causation, or logic between the defendant's act

and grand jury or judicial proceedings. Thus, the Court held that "uttering false statements to an

investigating agent . . . who might or might not testify before a grand jury" is not sufficient to

violate the catch-all provision of § 1503. Aguilar, at 600. Because of the similarities of verbiage

in the two sections, the Kassouf court applied the holding in Aguilar, interpreting § 1503, to the

language of § 7212(a).

We are unimpressed. In response, the government points to a number of cases that have

not required interference with an on-going investigation to trigger § 7212(a) liability. In United

States v. Mitchell, 985 F.2d 1275 (4th Cir. 1993), the Circuit Court found that improperly filing

for tax-exempt status, misrepresenting the purpose of an organization, and using the corporation

to solicit contributions was "just such a creative and multi-faceted scheme to evade taxes that the

omnibus clause of 7212 targets." See also United States v. Kuball, 976 F.2d 529 (9th Cir.

1992)(filing forms that falsely report 1099 payments to others and improperly seeking a refund

for the 1099 payments sufficient); United States v. Winchell, 129 F.3d 1093 (10th Cir.

1997)(filing a preposterously false tax return in retaliation for a prior tax lien triggered § 7212);

United States v. Hanson, 2 F.3d 942, 946-47 ((9th Cir. 1993)(filing false tax return sufficient).

We note that all of these case pre-date the Supreme Court's decision in <u>Aguilar</u>. However, the Sixth Circuit, the court that gave us <u>Kassouf</u>, had the opportunity to revisit § 7212(a) in <u>United States v. Bowman</u>, 173 F.3d 595 (6th Cir. 1999).  In <u>Bowman</u>, the Circuit Court limited <u>Kassouf</u> to its facts and specifically held that willfully and knowingly filing false information on 1099 and 1096 forms had a direct impact on the administration of the IRS's duties, violating § 7212.  The court explained that the facts of <u>Kassouf</u> were distinguishable from the actions of Bowman.  Kassouf was accused of failing to maintain records to support his tax returns.  Bowman filed false tax forms.

> The filing of false tax forms is not legal when undertaken; it is not speculative; it is specifically designed to cause a particular action on the part of the IRS.  The action it is designed to cause is not routine; rather, the intended action is one that, but for the false filing, would not have been undertaken at all relative to the victimized taxpayers.

<u>Bowman</u>, at 600.

Here, Son failed to withhold taxes as he was required by law to do, and filed false tax returns.  Based on the holding in <u>Bowman</u>, we believe even the Sixth Circuit would find a violation of § 7212 despite the fact that Son's activities were done prior to the start of any IRS investigation.  <u>See</u> <u>also</u> <u>United States v. Armstrong</u>, 974 F.Supp.2d 528, 536-37 (E.D. Va. 1997)(explicitly rejecting argument that a pending IRS action was required for conviction of § 7212(a)).

We also find support for our conclusion in *dicta* in a Fifth Circuit case, <u>United States v. Reeves</u>, 752 F.2d 995 (5th Cir. 1985).  In <u>Reeves</u>, it was clear that the defendant was under investigation.  However, the Circuit Court was called upon to interpret the term "corruptly," as used in § 7212(a).  The defendant had obtained liens against the investigating agent's home,

7

supposedly in preparation for a civil rights suit the defendant was going to bring against the agent

and the IRS.  Because the defendant claimed he did not obtain the lien for any corrupt purpose,

he argued that § 7212(a) did not apply.  In rejecting the defendant's argument, the Fifth Circuit

noted, "[S]ection 7212(a) is directed at efforts to bring about a particular advantage such as

impeding the collection of one's taxes, the taxes of another, or the auditing of one's or another's

tax records."  Reeves, at 998.  In our case, it is clear that Son impeded the collection of the

withholding and the collection of social security taxes from his employees.  His activities violate

§ 7212.

 In addition to the caselaw, we find that the plain reading of the statute leads to the

conclusion that Son's activities (or inactivity) violate the omnibus provision of § 7212(a).  The

statute prohibits the obstruction of, or impediment of "the due administration of this title."  26

U.S.C. § 7212(a).  Title 26 is the Internal Revenue Code.  The Code covers the calculation of,

assessment of, and collection of taxes.   In fact Title 26 begins with a chapter devoted to the

determination of tax liability.  Son's failure to withhold taxes from his employees and filing

false tax returns clearly obstructs the determination of tax liability.

 The other issue presented in the Memorandum attached to the § 2255 motion involves the

voluntariness of the plea based on Son's alleged misunderstanding of the sentence.  Son claims

that he was advised by counsel that he was facing a sentence of probation.  Judge Schiller has

already rejected this issue.  At the oral argument on the Motion for Resentencing, Son's counsel

made this argument and the court rejected it.

> I tell you, I find from looking at this record that Mr. Son fully understood what
> happened at the time of the plea.  He had an interpreter.  The interpreter was in
> court.  Both counsel under questioning of the Court admitted that there were no

other agreements or understandings, and that Mr. Son said in court that the agreement was explained to him, he understood it.

(N.T. 12/29/05, 41-42).  See also, N.T. 12/29/05, at 19.

Looking at the transcript of the plea hearing, there is nothing that contradicts Judge Schiller's conclusion.  (N.T. 8/30/05, at 10-11 - defendant states that no promises or threats have been made; 8/30/05, at 18 - defendant acknowledges the maximum penalty of 3 years'; 8/30/05, at 19 - defendant acknowledges that the court may impose the maximum sentence and that the defendant has no right to withdraw the plea if the court imposes a more severe sentence than the defendant expects or anyone recommends; 8/30/05, at 20-21 - defendant acknowledges that no other agreements had been made).  The claim requires no further exposition by the undersigned.

## R E C O M M E N D A T I O N

AND NOW, this        17        day of      July                , 2006, IT IS RESPECTFULLY RECOMMENDED that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 be DENIED.  There is no basis for the issuance of a certificate of appealability.

 /s/ Jacob P. Hart
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE |
| | : | 05-373-1 |
| v. | : | |
| | : | CIVIL CASE |
| RICKY SON | : | 06-472 |

## **O R D E R**

BERLE M. SCHILLER, J.,

AND NOW, this                day of                        , 2006,

upon careful and independent consideration of Defendant's Motion to Vacate, Set Aside, or

Correct Sentence, the response, thereto, and after review of the Report and Recommendation of

United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1.  The Report and Recommendation is APPROVED and ADOPTED.

2.  The Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:

_____

BERLE M. SCHILLER, J.